UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACK A. CLAYBORNE,
ROBERT D. CARTLEDGE,
JUSTIN L. WILLIAMS,
JAMAL D. JONES
and URIJAH DAVIS,

                Plaintiffs,

v.                                        Case No. 22-cv-694-pp

TRITI, *et al.*,

                Defendants.

## CASE MANAGEMENT ORDER

Plaintiffs Jack A. Clayborne, Robert D. Cartledge, Justin L. Williams, Jamal D. Jones and Urijah Davis, who were formerly or are currently confined at the Milwaukee County Jail[1] and representing themselves, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated their civil rights. Dkt. No. 1. Before screening the complaint or assessing the amount of any initial partial filing fee, the court will clarify for the plaintiffs some of the implications of their choice to bring their claims jointly in a single case. If after reviewing this decision, any plaintiff no longer wishes to continue with this case, he must notify the court in writing of his desire to withdraw by the end of

---

[1] Jack A. Clayborne is now in the custody of the Federal Bureau of Prisons at USP McCreary. https://www.bop.gov/inmateloc/.
Robert Cartledge and Jamal Jones remain at the Milwaukee County Jail. http://www.inmatesearch.mkesheriff.org/.
The Milwaukee County Sheriff's Department inmate locator does not show Justin L. Williams or Urijah Davis as being incarcerated at the jail. Id.

the day on **September 16, 2022**. A plaintiff who withdraws from this case by the deadline will not be obligated to pay the filing fee. Plaintiffs who do not withdraw by the deadline will be assessed the statutory filing fee, regardless of when or why they might be dismissed from the case.

A.  Filing Fees

The cost of filing a civil action in federal court is $402, which includes the $350 statutory filing fee and a $52 administrative fee. The $52 administrative fee does not apply to persons granted leave to proceed without prepaying the filing fee (*in forma pauperis* status). Under the Prison Litigation Reform Act (PLRA), incarcerated plaintiffs who bring a civil lawsuit must pay the statutory filing fee of $350. See 28 U.S.C. §1915(b)(1). Incarcerated plaintiffs to whom the court grants leave to proceed without prepaying the filing fee may pay that fee over time. See 28 U.S.C. §1915(b)(2). In a multiple plaintiff case, **each plaintiff is required to pay a filing fee**. See Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004); see Turley v. Gaetz, 625 F.3d 1005, 1011 (7th Cir. 2010) ("prisoners may join their claims in a single action but must each pay a separate filing fee").

A plaintiff who is unable to pay the full $402 filing fee may file a Request to Proceed in District Court Without Prepayment of the Filing Fee together with a certified copy of his institutional trust account statement for the past six months. These documents are available from the plaintiffs' institution. A plaintiff's failure to submit either the $402 filing fee or a request and certified trust account statement by the end of the day on **September 30, 2022** may

result in the court dismissing that plaintiff from this case without further notice. If a plaintiff encounters challenges satisfying this requirement, he must notify the court in writing before the deadline.

Any plaintiff who does not notify the court by the end of the day on **September 16, 2022** of his desire to withdraw from this case will be assessed the statutory filing fee. See 28 U.S.C. §1915(b)(1).

B.  Signatures

Federal Rule of Civil Procedure 11(a) requires that each party personally sign every pleading, motion and other paper, if the party is representing himself. This requirement may be difficult and costly for multiple incarcerated plaintiffs to comply with, particularly if (as has happened here) some plaintiffs are transferred to different institutions or released before the case is resolved. Further, institution policies regarding communication and the delivery of documents among incarcerated persons may cause delay and confusion. The court advises the plaintiffs that, under Rule 11(a), the court will strike any filing that is not signed by every plaintiff.

C.  Screening, Sanctions and Strikes

After the above requirements have been satisfied, and those plaintiffs who wish to proceed have paid the filing fee or have been assessed and paid an initial partial filing fee, the court will screen the complaint. See 28 U.S.C. §1915A. The Seventh Circuit has described the challenges that arise with group complaints filed by incarcerated persons. See Boriboune, 391 F.3d 852. Complaints filed by multiple incarcerated persons may proceed if the

allegations in the complaint satisfy the criteria for permissive joinder of parties and joinder of claims. See Fed. R. Civ. P. 20, 18. Rule 20 allows plaintiffs to join together in one action if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Rule 18 allows properly joined plaintiffs to assert as many claims as they have against a single party. But "[u]nrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The plaintiffs should be aware that if they or some of their claims are not properly joined in this case, the court may sever their claims into separate cases (for which they will be required to pay additional filing fees) or may dismiss the improperly joined parties. See Fed. R. Civ. P 21.

Finally, each plaintiff will be held legally responsible for knowing what is filed on his behalf. Each plaintiff will be subject to sanctions under Federal Rule of Civil Procedure 11 if the court finds sanctions to be warranted in any aspect of the case, even if a particular plaintiff was not directly responsible for the sanctionable conduct. Every plaintiff who was in custody when the complaint was filed will incur a "strike" if the court dismisses this case as frivolous or malicious or for failure to state a claim upon which relief may be granted. See 28 U.S.C. §1915(g).

D.  Conclusion

The court **ORDERS** that any plaintiff who no longer wishes to continue with this case must notify the court in writing of his desire to withdraw in time

for the court to *receive* it by the end of the day on **September 16, 2022**. A plaintiff who withdraws by the deadline will not have to pay a filing fee. A plaintiff who withdraws from this case may file a separate case pursuing these same claims. If a plaintiff files a separate case, he will be required to pay the filing fee.

The court **ORDERS** that plaintiffs who wish to proceed with this case and who have not already done so must submit either the $402 filing fee or a request to proceed without prepaying the filing fee and a certified trust account statement in time for the court to *receive* it by the end of the day on **September 30, 2022**. Failure to do so by the deadline may result in the court dismissing a plaintiff from this case without further notice. Plaintiffs who encounter challenges satisfying this requirement must notify the court in writing before the deadline. **Any plaintiff who does not withdraw from this case by the end of the day on September 16, 2022 will be assessed the statutory filing fee.**

Dated in Milwaukee, Wisconsin this 26th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
