UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACK A. CLAYBORNE, JUSTIN L. WILLIAMS,
JAMAL D. JONES and URIJAH DAVIS,

                   Plaintiffs,

v.                                          Case No. 22-cv-694-pp

TRITI, *et al.*,

                   Defendants.

**ORDER DISMISSING PLAINTIFFS WILLIAMS AND DAVIS FOR FAILURE TO PROVIDE A CURRENT ADDRESS, GRANTING PLAINTIFF CLAYBORNE'S REQUEST FOR ADDITIONAL TIME TO FILE INSTITUTIONAL TRUST ACCOUNT STATEMENTS (DKT. NO. 14), DENYING CLAYBORNE'S REQUEST TO CERTIFY CASE AS CLASS ACTION (DKT. NO. 14) AND DENYING CLAYBORNE'S REQUEST TO RECRUIT COUNSEL (DKT. NO. 14)**

      On August 26, 2022, the court entered a case management order directing plaintiffs Jack A. Clayborne, Robert D. Cartledge, Justin L. Williams, Jamal D. Jones and Urijah Davis to comply with certain requirements if they wanted to proceed jointly in this case. Dkt. No. 10. The court first ordered that if any plaintiff no longer wished to continue with the case, "he must notify the court in writing of his desire to withdraw by the end of the day on September 16, 2022. A plaintiff who withdraws from this case by the deadline will not be obligated to pay the filing fee." Id. at 1–2 (emphasis omitted). On September 15, 2022, the court received plaintiff Cartledge's notice of his withdrawal. Dkt. No. 15. The court has removed Cartledge from the docket and will not assess him the filing fee.

The court next ordered any plaintiff who wished to proceed in the case "to submit either the $402 filing fee or a request [to proceed without prepaying the filing fee] and certified trust account statement by the end of the day on September 30, 2022." Dkt. No. 10 at 2 (emphasis omitted). The court previously had received requests to proceed without prepaying the filing fee from plaintiffs Clayborne, Jones and Davis. Dkt. Nos. 2, 6, 8. Only plaintiff Jones filed a current institutional trust account statement. Dkt. No. 13. The copy of the order sent to plaintiffs Williams and Davis was returned to the court as undeliverable with a notation that reads, "Not in Custody." Dkt. No. 12. The court previously noted that neither of these plaintiffs is incarcerated at the Milwaukee County Jail. Dkt. No. 10 at 1, n.1. Neither plaintiff since has provided the court with a current address. It is each plaintiff's responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Plaintiffs Williams and Davis's failure to keep the court advised of their addresses suggests they no longer wish to participate in the litigation. The court will dismiss these plaintiffs without prejudice and order the clerk to terminate them from the docket. See Civil Local Rule 41(c) (E.D. Wis.) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice.").

The court received from plaintiff Clayborne a motion for an extension of time to file his trust account statements. Dkt. No. 14. He says he needs additional time "to request account statements" from various jails where he has

been incarcerated. Id. at 2. He says he does not currently have the postage for these requests, and the commissary "has been out of stock on legal writing paper." Id. Clayborne also asks the court to "certify this case as a CLASS" because the claims have common questions of law and facts for all plaintiffs. Id. at 2–3. He asks the court to appoint him as counsel because "inmates usually doesn't [sic] represent other inmates." Id. at 3–4. He also says "this case is too complex to be litigated by an inmate." Id. at 4. He asserts that he needs a private investigator "to find other plaintiffs; Justin L. Williams and Urijah Davis." Id. Clayborne labels the motion as if it was filed on behalf of all plaintiffs, but he is the only plaintiff who signed the motion. Id. at 5. As the court stated in the previous order, "each party [must] personally sign every pleading, motion and other paper, if the party is representing himself." Dkt. No. 10 at 3. Because no other plaintiff signed this motion, and because each plaintiff is representing only himself, the court construes Clayborne's motion as being brought only on his own behalf.

The court will grant Clayborne's request for additional time to file certified copies of his institutional trust account statements. He must file them in time for the court to receive them by the deadline the court will set at the end of this order. If Clayborne does not file all relevant trust account statements (statements covering the six-month period from December 2021 to June 2022) by the deadline, or notify the court in writing why he cannot do so, the court may dismiss him from this case.

The court will deny Clayborne's request to certify this case as a class action. Under Federal Rule of Civil Procedure 23(a)(4), a single representative may represent a proposed class only if "the representative part[y] will fairly and adequately protect the interests of the class." That requirement has caused courts in this circuit and others to decline to allow a self-represented incarcerated person to represent a class in a class action. See Justich v. Carr, No. 20-CV-1575-JPS, 2021 WL 3711101, at *2 (E.D. Wis. Aug. 20, 2021) (citing Howard v. Pollard, 814 F.3d 476, 478 (7th Cir. 2015) and cases from other circuits). The court agrees with this law and is bound to follow it. The court will not allow this case to proceed as a class action. As the court stated in the previous order, each plaintiff is responsible for representing himself and his interests in this lawsuit. If any plaintiff fails to comply with the requirements from the previous order, the court may dismiss that plaintiff from this case.

The court also will deny Clayborne's request that the court recruit counsel to represent him in this lawsuit. Courts in this district have informed Clayborne that it is premature to request appointment of a lawyer before the court has had an opportunity to screen the complaint. Case No. 19-cv-1689, Dkt. No. 9 at 2 and Dkt. No. 20 at 6–7. The court also has informed Clayborne that incarcerated plaintiffs seeking counsel must "try to find counsel on their own and be able to provide proof they contacted at least three attorneys before they can file a motion asking the court to appoint counsel on their behalf." Id., Dkt. No. 9 at 2 (citing Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019)). Clayborne's request does not satisfy that requirement. He has not

alleged that he has made any effort to obtain counsel on his own. The court has the ability to deny his request for that reason alone. See Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021).

Clayborne also has not satisfied the second requirement for recruiting counsel for indigent plaintiffs—showing that he is incapable of adequately litigating the case on his own. See id.; Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007). Clayborne has not given the court any reason to believe he is incapable of adequately representing his own interests. Clayborne may be correct that litigating this large-scale case will be difficult. That is precisely why the court entered the case management order informing the plaintiffs of the inherent difficulties in bringing a joint case and gave each plaintiff the option to withdraw from the case without penalty to file his own lawsuit. Dkt. No. 10 at 1 ("Before screening the complaint or assessing the amount of any initial partial filing fee, the court will clarify for the plaintiffs some of the implications of their choice to bring their claims jointly in a single case."). Clayborne's decision to proceed in this multiple-plaintiff lawsuit is not reason to recruit counsel to assist him.

The court **DISMISSES WITHOUT PREJUDICE** plaintiffs Justin L. Williams and Urijah Davis for their failure to provide a current address.

The court **GRANTS** plaintiff Jack A. Clayborne's motion for an extension of time to file his institutional trust account statements. Dkt. No. 14. The court **ORDERS** that plaintiff Clayborne must file his trust account statements in time for the court to *receive them* by the end of the day on **November 25,**

5

**2022**. If by the end of the day on November 25, 2022, the court has not received all necessary trust account statements, or Clayborne has not notified the court in writing why he cannot provide them, the court may dismiss him from this lawsuit.

The court **DENIES** plaintiff Clayborne's request to certify this case as a class action. Dkt. No. 14 at 2–3.

The court **DENIES WITHOUT PREJUDICE** plaintiff Clayborne's request that the court recruit him counsel. Dkt. No. 14 at 3–4.

Dated in Milwaukee, Wisconsin this 27th day of October, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
