JAMAL D. JONES,

**Plaintiff,**

v.

Case No. 22-CV-694

TIMOTHY FOLEY, *et al.*,

**Defendants.**

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Plaintiff Jamal D. Jones, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (Docket # 46.) Jones claims that the defendants kept him in his cell for more than 24 hours without penological justification in violation of the Fourteenth Amendment. The defendants move for summary judgment on the grounds that Jones failed to exhaust his administrative remedies. (Docket # 83.) For the reasons stated below, the defendants' motion for summary judgment on exhaustion grounds is denied.

## PRELIMINARY MATTERS

The defendants argue that Jones failed to follow Federal Rule of Civil Procedure 56 and Civil Local Rule 56 when responding to their motion for summary judgment. (Docket # 92 at 1–3.) District courts are entitled to construe *pro se* submissions leniently and may overlook a plaintiff's noncompliance by construing the limited evidence in a light most favorable to the plaintiff. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). While Jones' response does not formally conform with the rules, it contains sufficient facts,

allowing the court to rule on the defendants' summary judgment motion. Jones also invokes 28 U.S.C. § 1746 in his second amended complaint, which is enough to convert the second amended complaint into an affidavit for the purposes of summary judgment. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 954–55 (7th Cir. 2011). As such, the Court will consider the information contained in Jones' submissions where appropriate in deciding defendants' motion.

Jones also filed a sur-reply; however, he did not move for leave to do so. (Docket # 94.) Jones' sur-reply highlights his attempts to follow the Federal Rules of Civil Procedure and Civil Local Rules when filing his response. He also reiterates the substantive arguments contained in the response. Whether to grant a party leave to file a sur-reply brief is a question within the court's discretion. "The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief." *Merax-Camacho v. U.S.*, 417 F. App'x 558, 559 (7th Cir. 2011) (citing *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 631 n.2 (7th Cir. 2010)). "In some instances, allowing a filing of a surreply 'vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision.'" *Univ. Healthsystem Consortium v. United Health Group, Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (quoting *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005)).

Because the Court already excused the procedural deficiencies in Jones' response to the defendants' summary judgment motion, and because his sur-reply does not contain any additional information that would inform the court's analysis, the court will disregard Jones' sur-reply.

# FACTS

At all times relevant, Jones was a pretrial detainee at the Milwaukee County Jail. Jones alleges that because of both staff behavior and the lack of a sufficient number of staff, in addition to other factors, he was locked in his cell for over 24 hours on several occasions between June 3, 2021, and March 13, 2023. (Second Am. Compl., Docket # 46 at 2–5.) According to Jones, there was no punitive or disciplinary reason to keep him locked in his cell for over 24 hours. (*Id.*) Jones also alleges that his cell window contained coverings that blocked out sunlight, so when he was locked in his cell for over 24 hours, he would not have exposure to sunlight. (*Id.* at 4–5.) Jones was allowed to proceed on a claim that the defendants violated his Fourteenth Amendment rights by locking him in his cell for an extended period of time and denying him sunlight without penological justification. (Docket # 47 at 6.)

Between June 3, 2021, and March 13, 2023, Jones submitted 49 grievances through the Jail's electronic kiosk grievance system. (Docket # 84, ¶ 30.) The defendants state, and Jones does not dispute, that of the 49 grievances, 4 of them relate to the allegations in Jones' second amended complaint. (*Id.*, ¶ 31.)

On April 27, 2022, Jones submitted Grievance No. 69930, stating, "I have been locked in my cell for over 25 hours. I have be [*sic*] locked in my cell on the 26th wrongfully for something that happened on the 25th that was already solved bye [*sic*] someone else they refused to give me they name so I can write them up." (Docket # 86-3 at 17.) It does not appear that Jones ever got a response to this grievance, as the records indicate that the grievance was passed along to various supervisors, with no one responding until it was ultimately closed on May 11, 2022. (*Id.*)

On April 29, 2022, Jones submitted Grievance No. 70157, stating, "Its illegal to lock me in my room for longer then [*sic*] 24 hours for something minor. LT Quantrell and LT Finley locked me in my room on the 27th which cause me to be locked in my room for longer then [*sic*] 25 hours." (*Id.* at 18.) Like the April 27 grievance, it does not appear Jones ever got a response to this grievance, and it was passed along to various supervisors who stated they did not know anything about the incident. (*Id.*) The grievance was ultimately closed on May 2, 2022. (*Id.*)

The defendants include two additional grievances, Grievance No. 81042 and Grievance No. 59653, because they mention the actions of defendant Brionna Howard, but they are not related to locking Jones in his cell or depriving him access to sunlight. (Docket # 84, ¶¶ 34–35, 38, 45.)

The defendants state that there is no record of Jones appealing the response he received to any of the four relevant grievances. (*Id.*, ¶ 47.) Jones states that he never received a response to his grievances and whenever he checked on their status, it was always listed as "pending." (Docket # 90 at 2.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary

4

judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

*1.     Applicable Law and Procedure on Exhaustion*

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court, and it produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006)). The exhaustion rule also promotes efficiency,

5

because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

The Jail's grievance process is listed in the Occupant Handbook, which Jones had access to via the kiosk. (Docket # 84, ¶¶ 9–10.) The grievance process was also explained via video in the booking room. (*Id.*, ¶ 11.) If a prisoner has an issue with how he was treated, he may file a grievance using the kiosk system. (Docket # 86-2 at 3.) If the kiosk is unavailable, a prisoner may file a grievance by using a paper form, which he can obtain from the dorm officer. (*Id.*) Once a grievance is submitted, "it will be reviewed and answered by a Jail Representative within ten (10) working days of receiving the grievance." (*Id.*) If a prisoner is dissatisfied with the result, he may appeal the result within three days of receiving the grievance decision. (*Id.*) The Lieutenant will then review the appeal and rule on it. (*Id.*) After the prisoner receives the Lieutenant's decision, he may appeal one final time to the Jail Commander within three days of receiving the Lieutenant's decision. (*Id.*)

### 2. *Application to this Case*

The defendants argue that Jones did not exhaust his administrative remedies because he did not file grievances that explicitly named the defendants as those who caused him to be locked up for more than 24 hours without penological justification and the grievances did not mention Jones' limited exposure to sunlight. They further argue that even if Jones' grievances put the institution on notice of his claim, Jones failed to fully exhaust the grievances because he never appealed them.

6

The Seventh Circuit Court of Appeals "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

A prisoner can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). A prisoner can show that a grievance process was unavailable when "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Id.* (quoting *Ross v. Blake*, 578 U.S. 632, 644–45 (2016)).

As an initial matter, Grievance Nos. 81042 and 59653 on their face do not concern Jones being locked in his cell or deprived of sunlight without penological justification. It appears the defendants only mention them because they concern the actions of defendant Howard. It is clear that these grievances do not put the Jail on notice of Jones' claims.

In the other two grievances, however, Grievance Nos. 69930 and 70157, Jones explicitly complained that he was illegally locked in his cell for more than 24 hours. The defendants argue that because Jones does not identify any of the defendants as those who locked him in his cell on those occasions; because Jones does not mention that he was deprived of sunlight; and because they appear to insinuate Jones was locked away for

7

disciplinary reasons, the grievances do not put the Jail on notice of Jones' claims. When filing an inmate complaint, "[t]he grievant need not lay out the facts, articulate legal theories, or demand particular relief." *Price v. Friedrich*, Case No. 15-cv-774-pp, 2018 WL 3432725 at *5 (E.D. Wis. July 16, 2018) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). "The inmate complaint does not need to name all names, or lay out every possible legal theory . . . but the complaint must 'alert the prison to the nature of the wrong.'" *Id.* Grievance No. 69930 and No. 70157 clearly state that Jones felt he was unlawfully locked in his cell for longer than 24 hours and that Jail staff had no legitimate reason for doing so. As such, they served to put the Jail on notice of Jones' claim.

As to the argument that Jones failed to fully appeal these two grievances, it is clear from the grievance records that Jones was unable to appeal them. The Jail procedure states that a prisoner may appeal an unsatisfactory answer from a Jail Representative within three days of receiving the grievance decision. (Docket # 86-2 at 3.) For both grievances, the records indicate that the grievance was kicked around from Jail Representative to Jail Representative until it was eventually closed out without ever sending Jones a response. The Jail process is silent on what a prisoner is to do if he never receives an answer. Where a prisoner receives no response to a properly filed grievance, the Seventh Circuit Court of Appeals has held that remedies are unavailable. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Also, the United States Supreme Court has held that where "rules are so confusing that . . . no reasonable prisoner can use them," remedies are no longer available. *Ross*, 578 U.S. at 644 (internal quotations omitted). Because Jones never received a response and the process is silent on what steps he needed to take in that instance, the process was unavailable.

8

## CONCLUSION

For the reasons stated above, the defendants' motion for summary judgment on exhaustion grounds is denied. The court will issue an amended scheduling order at a later date.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (Docket # 83) is **DENIED**.

Dated at Milwaukee, Wisconsin this 8th day of June, 2026.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

9